IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. KOSLOFF, | No. C 06-05060 SI |
|     Plaintiff, | **ORDER AWARDING ATTORNEY'S FEES AND COSTS** |
| v. | |
| WASHINGTON SQUARE ASSOCIATES, LLC; MAHMOUD I. DABBAS, | |
|     Defendants. | |

Plaintiff's motion for attorney's fees and costs is currently scheduled for hearing on July 13, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and hereby VACATES the hearing. Having carefully considered the arguments of counsel and the papers submitted, the Court GRANTS IN PART plaintiff's motion and awards fees and costs as set forth below.

**BACKGROUND**

According to the complaint, plaintiff Robert S. Kosloff is physically disabled and requires the use of a wheelchair. Plaintiff visited Essa's Restaurant (owned at the time by defendant Mahmoud I. Abbas) in the Washington Square Shopping Center in Petaluma, California in July of 2005. On December 27, 2005, plaintiff wrote a letter to defendants detailing alleged disability access barriers in the restaurant and surrounding parking lot. Defendants responded to the letter, stating that they were in the process of making site improvements to ensure compliance with the ADA. Plaintiff returned to the Restaurant and Shopping Center on August 19, 2006. Plaintiff was not satisfied by the disability access provided by defendants and the lack of progress. Consequently, plaintiff filed suit in this Court, on August 22, 2006, alleging violations of the Americans with Disabilities Act and various California

codes. Plaintiff requested injunctive relief, damages, and fees and costs.

The parties conducted unofficial discovery and light settlement negotiations. No dispositive motions were filed by the parties. After a single mediation session on May 10, 2007, Washington Square entered into a settlement agreement with plaintiff; accordingly, the Court dismissed the injunctive relief and damages aspects of the complaint against Washington Square on June 6, 2007. Plaintiff now moves for attorneys' fees and costs under both federal and state law. Plaintiff requests an award of fees in the amount of $88,699 and costs of $4,199. Plaintiff also requests a 1.2 multiplier be applied to the lodestar amount, creating a total requested award for attorneys' fees and costs of $110,637.

**LEGAL STANDARD**

The authority to award attorneys' fees is derived in part from Section 505 of the ADA, which provides that "in any action or administrative proceeding commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party. . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Plaintiffs are entitled to fees under the ADA and similar state statutes using the "lodestar" measure of fees, which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). In evaluating what is a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant were unnecessary, duplicative or excessive. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). It is the fee applicant who "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley,* 461 U.S. at 437 (1983).

In calculating the lodestar, the Court should consider any of the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that are relevant. *See*

*Jordan*, 815 F.2d at 1264 n. 11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in Kerr). In *Kerr*, which was decided before the lodestar approach was adopted by the Supreme Court as the starting point for determining reasonable fees in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Ninth Circuit adopted the 12-factor test articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). This analysis looked to the following factors for determining reasonable fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. *Chalmers*, 796 F.2d at 1212. However, there is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262. An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when the attorneys faced exceptional risks of not prevailing or not recovering any fees. *Chalmers*, 796 F.2d at 1212.

Under California law also, the "prevailing party" is entitled to attorney's fees. Under California Code of Civil Procedure § 1021.5, a plaintiff is entitled to attorneys' fees for enforcing "an important right affecting the public interest," if a "significant benefit . . . has been conferred on the general public or a large class of persons." Providing access to disabled individuals constitutes an important right affecting the public interest. California Government Code § 19230. State law also establishes the lodestar method as the proper method of calculation. *Crommie v. State of California*, 840 F. Supp. 719, 724-25 (N.D. Cal. 1994).

**DISCUSSION**

**I.     Attorney's fees**

3

### A. Plaintiff is entitled to attorney's fees as the prevailing party

Defendants dispute plaintiff's entitlement to attorneys' fees under the ADA and the California "private attorney general" statute. Defendant first argues that plaintiff's claim was unsuccessful because there was no judgment on the merits, and no material alteration of the legal relationship between the parties. Oppo. at 3 (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). The Supreme Court held in *Farrar* that "to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of the claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *Id*. at 111 (citations omitted). The right to enforce the terms of a settlement agreement is a material alteration of the legal relationship between the parties. *Id*. at 113. "Under applicable Ninth Circuit law, a plaintiff 'prevails' when he or she enters into a legally enforceable settlement agreement against the defendant." *Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002). Here, plaintiff entered into a legally enforceable settlement agreement against defendant, including injunctive relief and $14,000 in compensatory damages. This is sufficient to establish plaintiff as the prevailing party under federal law. *Id.* at 1135; *see also Richard S. v. Dep't. of Developmental Servs.*, 317 F.3d 1080, 1087 (9th Cir. 2003).

### B. Joint and Several Liability

Defendant next argues that attorney's fees should be allocated between both defendants, either equally or equitably. Defendant claims it should not be held accountable for counsel's work on claims against the other defendant, Dabbas. Oppo. at 14:2-3. Defendant offers no authority for this desired reduction. The express terms of the ADA hold both landlord and tenant liable to third parties for noncompliance, regardless of allocation of liability as between themselves. *See Botosan v. Paul McNally Realty,* 216 F.3d 827, 832 (9th Cir. 2000). The Ninth Circuit elaborated on this rule by quoting from the DOJ's interpretation of the ADA:

> Both the landlord and the tenant are public accommodations and have full responsibility for complying with all ADA title III requirements applicable to that place of public accommodation. The title III regulation permits the landlord and the tenant to allocate responsibility, in the lease, for complying with particular provisions of the regulation. However, any allocation made in a lease or other

4

> contract is only effective as between the parties, and both landlord and tenant remain fully liable for compliance with all provisions of the ADA relating to that place of public accommodation.

*Id.* (citations omitted). Therefore, defendants Washington Square and Dabbas are joint and severally liable for all compensation to plaintiff under the ADA, including federally authorized attorney's fees.

### C. Hourly rate

Plaintiff requests attorney's fees for Sidney Cohen at an hourly rate of $420 for 2005, and $450 for 2006-2007. Plaintiff submits substantial evidence that the claimed fees are reasonable given the education, skill and experience of counsel, the amount he normally charges for his legal services and the market rate for attorneys of comparable skill and experience. *See* Motion at 11-13, and evidence cited therein. Defendants present no evidence that counsel's rates are unreasonable. Therefore, the Court finds that the hourly rates are reasonable.

### D. Reasonable hours expended

Plaintiff requests an award compensating counsel for over 197 hours of attorney time reasonably spent on litigation. Defendant argues the results could have been achieved with significantly less work and requests a reduction in the number of hours factored into the lodestar. Additionally, defendant argues that Mr. Cohen has claimed hours for secretarial and clerical tasks. This Court finds that the fees requested are, in certain instances, excessive and must therefore be reduced.

In support of his motion, plaintiff attaches the handwritten time sheets compiled by Mr. Cohen during the course of the litigation, which the Court has reviewed. *See* Cohen Decl., Ex. 4; Cohen Reply Decl., Ex. 8. As an initial observation, the Court notes that the handwritten time sheets are virtually illegible, and that his calculations were unreliable.[1] As a result, the Court independently calculated Mr. Cohen's hours based on the handwritten time sheets, and determines that Mr. Cohen's records

---

[1] Mr. Cohen's records do not include any tally of total hours by month or year, except that in the motion plaintiff claims 36 hours and 35 minutes for 2007, at $450 per hour, for a claimed total of $37,162. At Mr. Cohen's established rate of $450 per hour, it would take 82 hours and 45 minutes to total that amount. The records provided to not establish or support a finding of over 82 hours time.

5

1 apparently reflect a total time of 134 hours and 45 minutes on the date he filed the motion.²

2 Defendant argues that the time spent on this case was excessive. Defendant requests a 10% reduction in the hours billed for research to identify the names of defendants, drafting and revising of the complaint, and preparing plaintiff's initial disclosures. The Court agrees with defendant that this case was a typical ADA case that did not involve unique factual or legal issues. This is demonstrated by the fact that the parties did not file a single substantive motion with the Court. Furthermore, plaintiff's Complaint is identical in all substantive respects to complaints used in other ADA lawsuits, including several other cases Mr. Cohen has brought on behalf of Mr. Kosloff. *See* Oppo., Exh. 14. The time sheets reflect, scattered over various entries, that Mr. Cohen spent some 6 hours 5 minutes drafting, and amending the complaint and identifying the parties. The Court does not accept that it reasonably took this much time.³ There are only three paragraphs in the complaint that are at all unique to this case. The Court therefore awards 1.0 hour for this task.

Defendant argues that the time Mr. Cohen spent with plaintiff's expert witness, Mr. Margen, should be stricken as irrelevant and unnecessary. The Court finds this argument unfounded.

Defendant requests a reduction in Mr. Cohen's billable time for secretarial and clerical tasks he performed. Defendant points to numerous specific instances of time billed by Mr. Cohen that it claims were for secretarial or clerical tasks. *See* Oppo. at 15-16. These entries, where legible, include time spent making and scheduling appointments, leaving messages, preparing billing statements, calculating fees, faxing, mailing, and e-filing documents. The Court determines that these tasks could easily have been carried out by persons with less expensive skills than Mr. Cohen, and accordingly should have been billed at appropriate paralegal or secretarial rates. The Court finds that the following time should have

been billed, at most, at a paralegal rate: 15 minutes in 2005, 4 hours and 15 minutes in 2006,

---

² 7 hours and 35 minutes in 2005, 53 hours and 35 minutes in 2006, and 73 hours and 35 minutes prior to June 7, 2007. It appears to the Court that counsel has recorded hours and minutes on his time sheets, and these figures have been calculated accordingly.

³Mr. Cohen had the burden of clearly and legibly identifying how many hours were spent on which task, in order to facilitate review by the court. *See Hensley,* 461 U.S. at 437 (1983). Where time spent on the complaint is blocked with other tasks, the court has included this in the calculation of time spent on the complaint and reduced the total time accordingly.

and 4 hours and 15 minutes in 2007. The Court awards $110 per hour for the paralegal work.

The next problematic request is Mr. Cohen's claim for over 22 hours for preparing this motion for attorney's fees. Mr. Cohen has prepared dozens of similar motions in his career as an ADA attorney, and this motion raised no new legal issues. The Court finds this time excessive, and reduces the total time for this motion to 16 hours. Mr. Cohen also claims to have spent 53 hours, almost a third of the total time he claims to have invested in this case over the course of two years, since June 6, 2007. In addition to being barely legible, Mr. Cohen's time sheets for this most recent period consist almost exclusively of block entries from which the Court cannot determine how much time was spent on any particular task. *See* Cohen Reply Decl., Ex. 8. Furthermore, the Court finds 53 hours excessive for preparing a reply brief to a relatively straightforward motion for attorney's fees, and accordingly reduces the time for work done since June 7, 2007 to 10 hours.

## II.  Multiplier

Plaintiff also requests that the Court apply a multiplier of 1.2 to the lodestar amount in light of the results obtained, the importance of the case, and the contingent nature of plaintiff's fees. The Court finds that an enhancement to the lodestar amount is not appropriate in this instance. As described above, this was a straightforward disability case that did not require exceptional work on the part of plaintiff's counsel to obtain the Settlement Agreement reached by the parties. Liability was not in question in this case.[4] Plaintiff and his counsel are well-versed in disability law and are repeat players in disability litigation. There were no substantive motions filed, nor were there any novel legal issues involved. Therefore, the Court finds that plaintiff should not receive an enhancement on the lodestar amount.

## III.  Costs

Plaintiff requests an award of $ 4,199 for costs incurred by attorney Cohen during litigation. *See* Reply at 15. Defendant does not contest plaintiff's costs, and the Court therefore awards the requested

---

[4] Plaintiff does not identify any contingent risk involved in the case, aside from stating that "[a]ll cases, no matter how strong on the merits, run the risk of losing." Mot. at 16. The Court finds that this is not sufficient to warrant an enhancement.

7

costs.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART plaintiff's motion for attorneys' fees and costs, as follows:

1) Attorneys' Fees for Sidney Cohen in the amount of:

- 2005: 7 hours, 20 minutes. x $420/hour = $3,080
- 2006: 44 hours, 15 minutes. x $450/hour = $19,912.50
- 2007: 68 hours, 5 minutes. x $450/hour = $30,637.50

3) Paralegal Fees in the amount of:

- 2005-2007: 8 hours, 45 minutes x $110/hour = $962.50

4) Costs in the amount of $4,199.

The total award for attorney's fees and costs against Washington Square Associates, LLC is $58,791.50.  The hours and costs awarded in this order represent the total amount of compensable attorney's fees in this case to date.  If plaintiff is the prevailing party on his remaining claims against defendant Dabbas, only attorney's fees for time expended after this date, if any, will be compensable. [Doc. 22].

**IT IS SO ORDERED.**

Dated: July 12, 2007.

SUSAN ILLSTON
United States District Judge