United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. KOSLOFF,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>WASHINGTON SQUARE ASSOCIATES, LLC; MAHMOUD I. DABBAS,<br><br>　　　　　Defendants.<br>_____/ | No. C 06-05060 SI<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

On July 12, 2007, the Court issued an order awarding plaintiff $58,791.50 in attorneys' fees and costs, as the prevailing party in an Americans with Disabilities Act case. Plaintiff has now filed a motion for leave to file a motion for reconsideration of the Court's July 12, 2007 Order. For the following reasons, the Court DENIES plaintiff's motion.

**BACKGROUND**

According to the complaint, plaintiff Robert S. Kosloff is physically disabled and requires the use of a wheelchair. Plaintiff visited Essa's Restaurant (owned at the time by defendant Mahmoud I. Abbas) in the Washington Square Shopping Center in Petaluma, California in July of 2005. On December 27, 2005, plaintiff wrote a letter to defendants detailing alleged disability access barriers in the restaurant and surrounding parking lot. Defendants responded to the letter, stating that they were in the process of making site improvements to ensure compliance with the ADA. Plaintiff returned to the Restaurant and Shopping Center on August 19, 2006. Plaintiff was not satisfied by the disability access provided by defendants and the lack of progress. Consequently, plaintiff filed suit in this Court, on August 22, 2006, alleging violations of the Americans with Disabilities Act and various California codes.

The parties conducted unofficial discovery and light settlement negotiations. No dispositive motions were filed by the parties. After a single mediation session on May 10, 2007, Washington Square entered into a settlement agreement with plaintiff; accordingly, the Court dismissed the injunctive relief and damages aspects of the complaint against Washington Square on June 6, 2007.

Plaintiff subsequently moved for attorneys' fees and costs under both federal and state law. Plaintiff requested an award of fees in the amount of $88,699 and costs of $4,199. Plaintiff also requested a 1.2 multiplier be applied to the lodestar amount, creating a total requested award for attorneys' fees and costs of $110,637. The Court discounted several categories of requested fees, and refused to apply a multiplier to the lodestar. The Court ultimately granted plaintiff a total of $58,791.50 in fees and costs.

**LEGAL STANDARD**

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Civil Local Rule 7-9(b) provides, in pertinent part:

> The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b).

**DISCUSSION**

Plaintiff points to three categories of hours that he claims justify increasing the Court's award of attorney's fees. First, plaintiff argues that counsel "billed 8 hours and 20 minutes in 2005, 45 minutes more than found by the Court." Mot. at 1:15-16. As noted in the underlying order, it is the fee applicant who "bears the burden of establishing entitlement to an award and documenting the appropriate hours

2

expended and hourly rates." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. In the underlying motion, plaintiff did not meet his burden of clearly establishing his entitlement to 8 hours and 20 minutes of time in 2005. Plaintiff's calculations of hours expended were unreliable,[1] and he did not provide a comprehensive breakdown of his hours by task, or by time period. Consequently, the Court was forced to independently calculate Mr. Cohen's hours based on his barely-legible handwritten time sheets. The Court analyzed all of the evidence presented, and determined that plaintiff had only established entitlement to 7 hours and 35 minutes of fees in 2005. In light of the illegibility of counsel's time sheets, the inconsistencies in his arithmetic, and his failure to provide categorized summaries of his time, the Court finds that it committed no manifest error in calculating the hours reflected in the time sheets. Accordingly, the Court finds no cause to revisit its calculation of the time reasonably spent by plaintiff's counsel in 2005.

Plaintiff next argues that "[d]ue to inadvertence," he failed to provide the Court with time sheet entries from 2007 totaling 18 hours and 10 minutes. Mot. at 1:17. Inadvertence of counsel is not adequate grounds for reconsideration under Civil Local Rule 7-9(c). The Court therefore DENIES plaintiff's request to increase the award to account for the inadvertently omitted 18 hours and 10 minutes.

Finally, plaintiff argues that the Court should reconsider its reduction, from 53 claimed hours to 10 hours, of time spent preparing the reply in support of the fees motion. The Court found that 53 hours for preparing a reply brief in a relatively straightforward motion for attorney's fees was excessive. Plaintiff now argues that the 53 additional hours requested in the reply brief were "not just for the preparation of a reply brief," but also included: (1) time spent on a Joint Case Management Statement and Conference; (2) time spent preparing the declaration of Peter Margen submitted in support of plaintiff's reply; (3) time spent on Mr. Cohen's Declaration submitted in support of plaintiff's reply; and

---

[1] The underlying fees motion claimed 36 hours and 35 minutes for 2007, at $450 per hour, for a claimed total of $37,162. At Mr. Cohen's established rate of $450 per hour, it would take 82 hours and 45 minutes to total that amount.

3

(4) time spent reviewing defendant's opposition and "performing legal and factual research on issues raised therein." Mot. at 2:2-16.

When the Court awarded plaintiff 10 hours for preparing the reply, it considered and included the time necessary to prepare the entire reply filing, including the notice of motion and motion, the proposed order, the motion of points and authorities, and all documents in support thereof, including declarations. Accordingly, the Court already took into account the time plaintiff spent preparing the Margen and Cohen declarations. Similarly, the Court expects that "reviewing defendant's opposition points and authorities" and "performing legal and factual research on issues raised therein," are always necessary steps in preparing a reply brief. The Court thus already included time for those activities in the 10 hour award. Similarly, the Court finds no cause to grant plaintiff additional compensation for hours related to the Case Management Conference. The Case Management Conference at issue dealt primarily with trial setting issues for plaintiff's claim against defendant Abbas, the prior lessor of the restaurant; those claims were dismissed shortly after the fee order issued.

The Court granted plaintiff's counsel ample compensation – approximately 26 hours worth – for time spent on his motion for fees and costs. To reiterate, neither the underlying case, nor the fees petition, presented particularly novel or time-consuming legal or factual issues.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: July 31 , 2007.

_____
SUSAN ILLSTON
United States District Judge

4